## Corporations for Holding Stock.

*Corporations — Incorporation — Holding stocks of other corporations — Lawful business—Acts of July 9, 1901, and May 11, 1909.*

1. A corporation may properly be incorporated under the Acts of July 9, 1901, P. L. 624, and May 11, 1909, P. L. 515, for the purpose of purchasing, holding and selling the stocks of other corporations, either separately or in conjunction with other characters of securities and investments, provided that such corporation is created to transact but a single character of business.

2. The purchasing, holding and selling of stocks of other corporations is a lawful business within the meaning of the Acts of 1901 and 1909.

Department of Justice. Opinion to Hon. Charles Johnson, Secretary of the Commonwealth.

BALDRIGE, Att'y-Gen., Dec. 15, 1927.—This department is in receipt of your letter of Dec. 12th, in which you ask to be advised whether a corporation may properly be organized under the laws of Pennsylvania for the purpose of purchasing, holding and selling the stocks of other corporations, either separately or in conjunction with other characters of securities and investments, provided, of course, that the corporation is created to transact but a single character of business. Or, in the specific case before you, whether the inclusion of the word "stocks" is proper in the following statement of purpose: "Said corporation is formed for the purpose of purchasing, acquiring, investing in, holding, selling and dealing in stocks, bonds, debentures, notes, mortgages, leases, obligations, contracts and cognate securities or evidences of indebtedness, and the transaction of all such business as is necessary and incidental thereto."

The Act of July 2, 1901, P. L. 603, provides: "That hereafter any corporation, organized for profit, created by general or special laws, may purchase, hold, sell, assign, transfer, mortgage, pledge or otherwise dispose of, the shares of the capital stock of, or any bonds, securities or evidences of indebtedness created by, any other corporation or corporations of this or any other state, and while the owner of said stock may exercise all the rights, powers and privileges of ownership, including the right to vote thereon."

There is, under the terms of the act, no limitation whatever upon this power; it is possessed by any corporation organized for profit; it need not be any particular type of profit corporation; the stocks purchased and held need not be those of any special character of corporation, and there is no upward limitation in the amount of stocks that any corporation for profit may hold. However, it does not necessarily follow that because a corporation

for profit may, as an incident to its main purpose, possess the power to hold stocks of other corporations, it may be incorporated for this particular purpose. We must look for legislation to authorize incorporation for such a purpose, and we find it in the "Any Lawful Business" Act of July 9, 1901, P. L. 624, and the "Any Lawful Purpose" Act of May 11, 1909, P. L. 515. The Act of 1901 provides that corporations may be organized "for the transaction of any lawful business not otherwise specifically provided for by act of assembly."

The Act of 1909 provides that a corporation may be organized "for any lawful purpose not specifically designated by law as the purpose for which a corporation may be formed."

In this State we find no decision of the courts, or opinion of this department, directly involving the question before us. Exactly the same question, however, was raised and passed upon in the case of Dittman v. Distilling Co. of America, 64 N. J. Eq. 537, 54 Atl. Repr. 570. There it was held that a corporation created for the purpose of holding stock and controlling the operations of other corporations was organized for a "lawful purpose" within the meaning of the New Jersey Corporation Act authorizing incorporation for "any lawful business or purpose whatever." Vice-Chancellor Emery said: "The only theory upon which the formation of corporations for the purpose of holding stock of other corporations can be held not to be a 'lawful purpose' within the meaning of the act is that an authority to own the stock and control the management of other corporations must be given expressly and in terms in the section authorizing the formation of companies, in order to be lawful. This *power* to own and control stock of other corporations is expressly given by a subsequent section *to all corporations*, when organized, and to the same extent as individuals. *Such ownership of stock is, therefore, a lawful act.* . . . It would seem that the ownership of stock in other corporations, either alone or in connection with other objects, as the purpose of the corporation, is a purpose of incorporation authorized by the act."

This New Jersey case does not stand alone. With ample citation of authorities from many states, we find the following statement in Cook on Corporations (8th ed.), page 1071: "Where the statutes of a state authorize incorporation for any legal purpose, incorporation may be had for buying and selling shares of stock in other corporations." And to the same effect, see Fletcher Cyclopedia, Corporations, § 129.

John F. Whitworth, formerly Chief of the Corporation Bureau in the office of the Secretary of the Commonwealth, in his work entitled "Opinions, Corporations," at page 26, states that, in his opinion, a charter should not be granted a Pennsylvania corporation for such a purpose.

We hesitate to disagree with the opinion of a writer whose ability we recognize and respect, but in support of his conclusion Mr. Whitworth cited the cases of People v. Chicago Gas Trust Co., 130 Ill. 268, 22 N. E. Repr. 798, decided in 1889, and Northern Securities Co. v. United States, 193 U. S. 197, decided in 1904. He placed great reliance upon that part of the opinion in the Illinois case which is purely *dictum* and which has since been repudiated. In Robotham v. Prudential Ins. Co. of America, 64 N. J. Eq. 673, 53 Atl. Repr. 842, Vice-Chancellor Stevenson, in an exhaustive and convincing opinion, said, *inter alia:* "As soon as our General Corporation Act was amended so as to permit the organization of corporations under it for 'any lawful business whatever' (Laws, 1865, page 913; Rev. Corp. Act, 1875, § 10), it seems plain that corporations could be created for the express purpose of acquiring, holding and dealing in stocks to the extent that such business

may be lawful. To construe the word 'lawful' in such a statute as this in the sense of 'authorized' *(i. e.,* not *ultra vires),* in accordance with a *dictum* in the case of People *v.* Chicago Gas Trust Co., 130 Ill. 268, 8 L. R. A. 497, 17 Am. St. Reps. 319, 22 N. E. Repr. 798, converts the statutory definition of the lawful objects of corporations into a meaningless circle." See, also, Cook on Corporations, *supra,* page 1068.

In the Northern Securities Company case, a majority of the stock of the Great Northern Railway Company and the Northern Pacific Railway Company was acquired in 1901, and when the United States Government questioned and attacked the power of the company to do this, the court held that, under the Anti-Trust Act of Congress of 1890, it was illegal for a corporation to hold a majority of the stock of two competing interstate railway corporations. In section 317, in his work on Corporations, Cook discusses this decision and directs attention to the fact that, while, under the laws of many states, corporations may legally *be organized* to purchase and hold the stocks of other corporations, nevertheless, having been thus legally organized, they may *later* conduct their business in such manner as to conflict with the Federal Anti-Trust Laws, which, of course, is an entirely different matter. As summarized by the learned author, at page 1091: "A holding company is legal and unobjectionable, where it is free from the taint of suppressing competition, and where the charter or the statutes of the state authorize the corporation to own stock in other corporations."

I am, therefore, of the opinion that a corporation may properly be incorporated under the laws of Pennsylvania for the purpose of purchasing, holding and selling the stocks of other corporations, either separately or in conjunction with other characters of securities and investments, provided, of course, that such corporation is created to transact but a single character of business.                                    From C. P. Addams, Harrisburg, Pa.